GREGORY J. HATLEY
BENJAMIN C. BURNS
DAVIS, HATLEY, HAFFEMAN & TIGHE, P.C.
The Milwaukee Station, Third Floor
101 River Drive North
P.O. Box 2103
Great Falls, Montana 59403-2103
Telephone: (406) 761-5243
Facsimile:   (406) 761-4126
greg.hatley@dhhtlaw.com
ben.burns@dhhtlaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

_____

INTERMOUNTAIN RETAIL STORE EMPLOYEES PENSION PLAN,
MONTANA RETAIL STORE EMPLOYEES HEALTH & WELFARE TRUST
and, DANNY MA and NICOLAI COCERGINE
in their capacity as Trustees of the Funds,

   Plaintiffs,

 vs.              Case No. 18-CV-_____

GARY AND LEO'S, INC.,
d/b/a GARY AND LEO'S FRESH FOODS,

   Defendant.
_____

**COMPLAINT**
_____

**COME NOW** the Plaintiffs, Intermountain Retail Store Employees Pension Plan (the "Intermountain Plan") and Montana Retail Store Employees Health & Welfare Trust (the "Montana Fund") (hereinafter, the Intermountain Plan and the Montana Fund are referred to herein as the "Funds"), and Danny Ma ("Ma") and Nicolai Cocergine ("Cocergine"), in their capacity as Trustees of the Funds (hereinafter, Ma and Cocergine are referred to herein as the "Trustees"; and together, the Funds and the Trustees are sometimes referred to herein as the "Plaintiffs"), by their attorneys, and as and for a cause of action against Gary & Leo's, Inc., d/b/a Gary and Leo's Fresh Foods (the "Defendant"), allege and show to the Court the following:

## NATURE OF ACTION

1.     The Funds bring this action against Defendant to collect unpaid contributions owed under collective bargaining agreements pursuant to the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 141, et seq., and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq.

## PARTIES

2.     The Funds are employee benefit plans within the meaning of Sections 3(1), (2), (3) and (37), 502 and 515 of ERISA, 29 U.S.C. §§ 1002(2), (3) and (37),

1132 and 1145, and bring this action on behalf of the Trustees, participants and beneficiaries of said Funds.

3. The Funds are administered at 111 West Cataldo, Suite #220, Spokane, Washington 99201.

4. The Trustees are trustees and fiduciaries of the Funds, within the meaning of ERISA and, as such, have standing to be Plaintiffs in this action and to seek the remedies sought herein.

5. Defendant is a corporation organized under the laws of the State of Montana, engaged in business with principal offices located at 730 First Street, Havre, Montana 59501. The Defendant's registered agent for service of process is Laura Malisani at 927 Lincoln Avenue, Havre, Montana 59501.

**6.** Defendant is an employer and party in interest in an industry affecting commerce within the meaning of ERISA Sections 3(5), (11), (12) and (14), 29 U.S.C. §§ 1002(5), (11), (12) and (14), and LMRA, 29 U.S.C. § 152.

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to LMRA Section 301(a), 29 U.S.C. § 185 (a), and ERISA Section 502, 29 U.S.C. § 1132(e).

8. Venue is proper in this Court pursuant to ERISA Section 502, 29 U.S.C. § 1132(e) as Defendant's principal place of business is located in Havre, Montana.

## FACTS

9. Defendant violated certain collective bargaining agreements, trust agreements, and policies and procedures adopted by the Trustees by refusing to submit timely contributions in accordance with the terms of the plan documents and agreements, thereby violating ERISA Section 515, 19 U.S.C. § 1145, the terms and provisions of the employee benefit plans, LMRA Section 301, federal common law, and the laws of the State of Montana.

10. At all times relevant hereto, Defendant was a party to and agreed to abide by the terms of collective bargaining agreements: (a) the Grocery Labor Agreement with UFCW Local #8 (the "Grocery Agreement"); (b) the Meat Cutters Agreement with UFCW Local #8 (the "Meat Cutters Agreement"); and (c) Gary & Leo's Fresh Foods Havre Labor Agreement (the "Joint Agreement") (collectively the "CBAs").

11. The Grocery Agreement and the Meat Cutters Agreement were in effect from 2010 to 2014. In 2014, Defendant renegotiated the terms of the Grocery Agreement and the Meat Cutters Agreement and combined the two into one collective bargaining agreement, the Joint Agreement. The Joint Agreement went into effect on March 30, 2014, and remains in effect until October 31, 2018.

12. Defendant entered into the CBAs with UFCW Local # 8. UFCW Local #8 is a labor organization which represents, for purposes of collective

bargaining, certain employees of the Defendant, and employees of other employers, in industries affecting interstate commerce within the meaning of ERISA Sections 3(4) and 4(a), 29 U.S.C. §§ 1002(4), 1003(a), and Section 301(a), 29 U.S.C. § 185.

13. The CBAs described herein contain provisions whereby Defendant agreed to make timely payments to the Plaintiff Funds for each employee covered by the respective CBAs. Specifically, Defendant is bound to pay contributions to the Funds under the following CBA provisions: Sections 11.1.4, 11.3, and 13.2 of the Grocery Agreement; Sections 11.1.2, 11.1.4, and 13.2 of the Meat Cutters Agreement; and Sections 11.1.1, 11.3, and 13.2 of the Joint Agreement.

14. By execution of the CBAs, Defendant adopted the Trust Agreements (as defined below), including any amendments thereof and any policies and procedures adopted by the Trustees, which establish and govern the Funds and are necessary for their administration. Defendant agreed to be bound by the Intermountain Retail Store Employees Pension Trust Agreement and the Montana Retail Store Employees Health & Welfare Plan & Trust Agreement (collectively the "Trust Agreements") pursuant to the following sections in the CBAs: Sections 11.2 and 13.1 of the Grocery Agreement; Sections 11.2 and 13.1 of the Meat Cutters Agreement; and Sections 11.2 and 13.1 of the Joint Agreement.

15. Pursuant to Section 8.1 of the Montana Retail Store Employees Health and Welfare Plan and Trust Agreement and Section 8.1 of the Intermountain Retail Store Employees Pension Trust Agreement, Defendant was obligated to make contributions to the Funds in accordance with the CBAs.

16. By virtue of executing the CBAs and adopting and assenting to all the terms and provisions of the Trust Agreements, including the policies and procedures adopted by the Trustees, Defendant has agreed to the following:

   a. to file monthly reports and make timely and prompt contributions to the Funds for each employee covered by the CBAs;

   b. to designate, and accept as its representatives, the Trustees named in the declaration of trust and their successors;

   c. to adopt and abide by all of the policies and procedures adopted by the Trustees of the Funds pursuant to the trust agreements;

   d. to adopt and abide by all of the actions of the Trustees in administering the Funds in accordance with the trust agreements; and

   e. to pay, in addition to all of the contributions which are due and owing, liquidated damages and interest relative to delinquent and/or late-paid contributions, and actual attorneys' fees, audit

fees, court costs and service fees, should legal action be necessary to obtain delinquent contributions and/or interest and/or liquidated damages.

17. On June 19, 2016, the Fund's auditor completed an audit of Defendant for the time period of November 2010 to October 2015.

18. The auditor discovered that Defendant underpaid contributions and owed the Funds $124,929.46. The underpayment was caused by three issues: (1) Defendant paid contributions to the Montana Fund one month late for all new employees; (2) Defendant did not pay required contributions to the Montana Fund for the last month of employees' employment; and (3) Defendant failed to properly report and make contributions for all hours worked by employees for both the Montana Fund and the Intermountain Plan. Specifically, Defendant failed to report all employee hours worked up to 173 hours a month.

19. On September 9, 2016, the Funds notified Defendant of the underpayment and provided Defendant the opportunity to review the auditor's report. The auditor concluded that Defendant owed the Montana Fund $92,707.50 and owed the Intermountain Plan $4,931.94. Additionally, Defendant owed $27,290.04 in liquidated damages and interest.

20. On November 8, 2017, the Funds demanded that Defendant pay $124,929.46 in unpaid contributions within 30 days of receiving the Funds' demand.

21. Defendant did not pay the demanded $124,929.46 and the amount remains outstanding to date.

22. Defendant has failed to perform its obligations pursuant to the terms and conditions of the CBA and Trust Agreements by failing to make continuing and prompt payments to the Funds as required by the CBAs and Trust Agreements for all of Defendant's covered employees, and to accurately report employee work status to the Funds.

23. ERISA Section 502(g)(2). 29 U.S.C. § 1132(g)(2), provides that the Funds are entitled to unpaid contributions, interest on unpaid contributions or liquidated damages, reasonable attorneys' fees and costs of this action, and any such legal and equitable relief as the Court deems appropriate.

24. Defendant is obligated to make contributions to the Funds under the terms of the CBAs pursuant to ERISA Section 515, 29 U.S.C. § 1145.

25. The Trustees of the Intermountain Plan and the Montana Fund have each adopted the same Delinquent Accounts Policy.

26. The Trust Agreements and the Policy authorize the Trustees to (1) establish rules and regulations providing for liquidated damages to be added to any

delinquent contributions; (2) to take legal action to collect unpaid contributions, interest, and liquidated damages; (3) and to recover all costs and attorneys' fees incurred in collecting unpaid or overdue amounts from any delinquent employer.

27. Pursuant to the Policy in the case of legal actions to collect delinquencies, the Defendant is be liable for the delinquent collection amount, additional liquidated damages equal to the greater of 20% of the amount due or the amount of interest calculated at the rate of 1.5% per month of the unpaid amount from the delinquency date, and reasonably attorneys' fees and costs incurrent in the collection process.

28. Despite demands that Defendant perform its statutory and contractual obligations, Defendant has failed to make payments under the CBAs on a timely basis. As a result, Defendant is now indebted to the Funds for contributions for the audited period covering November 2010 through October 2015 in the amount of $124,929.48 for untimely payment of contributions, plus assessment of interest and liquidated damages.

## COUNT ONE
## VIOLATION OF ERISA SECTION 515

29. The Funds reallege and incorporate the allegations contained in Paragraphs 1 through 28 above.

30. Defendant is obligated to make timely contributions in accordance with the CBAs and Trust Agreements.

31. Defendant failed to make timely contributions from November 2010 to October 2015.

32. Due demand has been made upon Defendant for payment of all sums due and owing, but Defendant has refused to pay them and all amounts remain due and owing.

33. Because Defendant has not made timely and prompt contributions on behalf of all covered employees, the corpus of each of the Funds' trust funds is reduced, the Funds' income is reduced, and their ability to pay benefits to qualified participants and beneficiaries is curtailed.  Consequently, ERISA and the Funds' CBAs and Trust Agreements have been violated, and the Funds are entitled to all of the remedies provided by ERISA.

34. As a result of Defendant's failure to make timely contributions payable in accordance with the CBAs, Defendant has violated ERISA Section 515, 29 U.S.C. § 1145, and the Funds are entitled to damages as set forth in ERISA Section 502(g)(2), 29 U.S.C. § 1132(g)(2).

## COUNT TWO
## BREACH OF TRUST AGREEMENTS, INCLUDING THE POLICIES AND PROCEDURES ADOPTED BY THE TRUSTEES

35. The Funds reallege and incorporate the allegations contained in Paragraphs 1 through 34 above.

36. Defendant is a party to and bound by the Funds' Trust Agreements, including the Policy adopted by the Trustees. Pursuant to the Policy, Defendant is obligated to make timely contribution payments to the Funds as required by the CBAs.

37. Pursuant to the Policy, the Trustees are entitled to recover all costs and reasonable attorneys' fees incurred in the collection of delinquent contributions.

38. Defendant is obligated to make timely contributions in accordance with the CBAs and Trust Agreements.

39. Defendant failed to make timely contributions and has therefore breached the Trust Agreements and the Policy adopted by the Trustees.

40. As a result of its failure to make timely contributions, Defendant has violated the terms of the Trust Agreements. Based upon the Trust Agreements and the policies and procedures adopted by the Trustees, Defendant is liable to the Funds for delinquent contributions, interest, liquidated damages, and the expenses of collection incurred by the Funds, including reasonable attorneys' fees and costs.

41. Because Defendant has failed to make timely and prompt contributions, some of the Funds' beneficiaries and participants could have delayed eligibility, eligibility terminated and reduced benefits for which they would otherwise qualify. These beneficiaries and participants would be left without an

11

adequate remedy at law and would suffer severe and irreparable harm if Defendant is not mandatorily compelled to comply with the CBAs and Trust Agreements and enjoined from further breaches.

    **WHEREFORE,** Plaintiffs demand the following relief:

    1.    Judgment on behalf of the Plaintiffs and against the Defendant:

        A.    For contributions, interest and liquidated damages incurred as a result of the failure to timely pay contributions to the Funds from October 2010 to the date of the filing of this lawsuit, pursuant to ERISA and the terms of the Trust Agreements and the applicable policies and procedures adopted by the Trustees;

        B.    For reasonable attorneys' fees and actual costs incurred in the prosecution of this legal action, pursuant to ERISA and the terms of the Trust Agreements and the applicable policies and procedures adopted by the Trustees; and

        C.    For unpaid contributions, variances, interest and liquidated damages becoming due and/or arising from the date of the filing of this lawsuit through the date of judgment.

    2.    For such other relief as the Court deems just and proper.

//
//
//
//

Dated this 31st day of August, 2018.

        DAVIS, HATLEY, HAFFEMAN & TIGHE, P.C.


        By     /s/Benjamin C. Burns
        BENJAMIN C. BURNS
        P.O. Box 2103
        Great Falls, Montana 59403-2103

        OF COUNSEL:
        MALINDA J. ESKRA (WI SBN 1064353)
        L. KATIE MASON (WI SBN 1060063)
        (*Pro Hac Vice* Applications to be filed)
        Reinhart Boerner Van Deuren, s.c.
        1000 North Water Street
        Suite 1700
        Milwaukee, WI 53202
        414-298-1000 (telephone)
        414-298-8097 (facsimile)
        meskra@reinhartlaw.com
        kmason@reinhartlaw.com


39972832